UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

FAOUZI JABER

                Petitioner,

      v.                                         18 CV 12047 (CM)

UNITED STATES OF AMERICA,

                Respondent.

———————————————————————— x

DECISION AND ORDER ON DEFENDANT'S MOTIONS FILED PURSUANT TO RULR 60(b)

McMahon, J.:

It has come to the Court's attention that Faouzi Jaber has two motions pending in this closed habeas matter. (*See* Dkts. 16, 19 and 21). Both motions ask the Court to set aside his conviction and sentence, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In his motion at Docket 16, Jaber asks the Court to set aside his conspiracy conviction because he says that the only evidence against him is that he allegedly conspired with a government agent and that conspiring with a government cannot form the basis for a conspiracy charge. (Dkt. 16 at 2-3).

In the Docket 19 motion, he asks the Court to set aside his conviction and sentence because at the time he pleaded guilty he did not know that the agent who arrested him had stolen his personal property. Jaber claims that had the agent's "theft" been known it would have undermined the charges against him.

Docket 21 is a motion asking the Court to issue an order directing the Clerk of the Court to file Jaber's Rule 60(b) motion— the same motion that had already been docketed at Dkt. 19. The Docket 21 filing includes as an exhibit the motion filed at Dkt. 19.

1

Copies mailed /faxed/handed to counsel on 5/20/2026

The Second Circuit has held that relief under Rule 60(b) is available with respect to previous habeas proceedings, but "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 76 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)); *see also Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (new attacks on an underlying conviction "are beyond the scope of Rule 60(b)"); *Grullon v. United States*, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004) ("Rule 60(b) does not provide relief from a judgment in a criminal case."). Jaber's present motions do not challenge the integrity of the habeas proceeding, but rather are attacks on his underlying conviction. Thus, Jaber's motions fall outside the scope of permissible relief under Rule 60(b).

What Jaber is seeking—in both motions—is appropriately construed as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). However, Jaber previously filed a motion for relief under Section 2255 challenging this judgment of conviction, which was denied on the merits. (*See* Dkt. 5). That renders his instant motions successive habeas petition. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). But an applicant seeking to file a successive habeas petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see id.* § 2255(h). "[D]istrict courts lack jurisdiction to rule on the merits of successive claims and should transfer successive claims to" the Second Circuit. *Forbes v. United States*, 121 F.4th 1013, 1015–16 (2d Cir. 2024).

Accordingly, the Court hereby orders the Clerk of the Court to transfer Jaber's motions (Dkt. 16 and 19) to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination of whether either motion may proceed in this Court. The Clerk is further directed to terminate the motion at Dkt. 16, 19, and 21.

Dated: May 19, 2026

_____
Colleen McMahon
U.S.D.J.